UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TROY JOHNSON BEY,

    Plaintiff,

v.                                                                  Case No.:  2:25-cv-88-SPC-NPM

THE STATE OF FLORIDA,

    Defendant.
_____/

## **OPINION AND ORDER**

Before the Court is Petitioner Troy Johnson Bey's unsigned Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). Bey is a pretrial detainee in the Charlotte County Jail. He styles himself as the emperor of the Moroccan Empire. The petition is unclear, but as the Court construes it, Bey argues state and federal courts lack jurisdiction over him because he is a foreign national and has not waived sovereign immunity. The Court dismisses this action as frivolous. *See Porter v. Governor of the State of Fla.*, 667 F. App'x 766, 767 (11th Cir. 2016) ("A lawsuit is frivolous if its claims involve factual contentions that are fanciful, fantastic, irrational, and/or delusional."); *see also Trevino v. Florida*, 687 F. App'x 861 (11th Cir. 2017) (claims by so-called "sovereign citizens" and "flesh-and-blood human beings" that they are beyond

a court's jurisdiction are frivolous and should be summarily denied). Because amendment would be futile, dismissal is with prejudice.

If Bey has any non-frivolous grounds for habeas relief, he may file a federal habeas petition after exhausting the claims in state court. Bey or an authorized representative must sign any habeas petition he files under penalty of perjury. *See* Section 2254 Rule 2(c)(5).

### DENIAL OF CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Bey has not made the requisite showing here and may not have a certificate of appealability on his petition.

Accordingly, it is now

**ORDERED:**

2

Petitioner Troy Johnson Bey's unsigned Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice**. The Clerk is **directed** to terminate any pending deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 5, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record